IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CHANDER KANT,** *et al.*, | * | |
| Plaintiffs | * | |
| v. | * | Case No.: RWT 08cv318 |
| **JAY L. COHEN,** | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

On February 6, 2008, Plaintiffs Chander and Ashima Kant, who are appearing *pro se*, filed a Complaint against Defendant Jay L. Cohen alleging legal malpractice, professional negligence, negligent representation, and breach of contract. *See* Compl. ¶¶ 2-6. The allegations in the Complaint stem from Defendant's representation of Plaintiffs in a civil action previously before this Court relating to the unsuccessful sale of their townhouse in Montgomery County, Maryland.[1]  *See id.* ¶¶ 7-8 (discussing *Gant v. Kant*, No. 03-cv-2803-RWT (D. Md. Oct. 10, 2003)).

Defendant filed a Motion for Summary Judgment on June 22, 2009.[2]  *See* Paper No. 43. On the date that their Opposition was due to be filed, Plaintiffs moved for an extension of time to respond. *See* Paper No. 46. The Court denied their motion on July 14, 2009. *See* Paper No. 49.

---

[1] The Complaint unequivocally focuses on Defendant's alleged conduct in connection with a motion for summary judgment filed in case number 03-cv-2803-RWT. *See* Compl. ¶¶ 10-12. In deciding the instant Motion for Summary Judgment, however, the Court has considered the new factual allegations in Plaintiffs' Opposition concerning Defendant's alleged conduct throughout the course of the earlier litigation.

[2] In their Opposition to Defendant's Motion for Summary Judgment, Plaintiffs argue that Defendant's wrongdoing was also intentional. *See* Opp'n at 2-3 (arguing that the allegation in the Complaint that "[i]t appears Mr. Cohen's objective was that the summary judgment motion be denied rather than be granted," Compl. ¶ 12, should be read broadly). Plaintiffs cannot by way of their Opposition add new claims to their Complaint. Even assuming arguendo that the Complaint makes "wider claims," Opp'n at 3, Plaintiffs have failed to provide any evidence in support of their claim of intentional malfeasance on the part of Defendant.

Undeterred by the Court's denial of their motion, Plaintiffs filed their Opposition on August 20, 2009, over a month late.  *See* Paper No. 59.  After receiving two extensions, Defendant filed a Reply in support of his Motion for Summary Judgment on October 5, 2009.  *See* Paper Nos. 60, 73, & 78.

Summary judgment is proper if there are no issues of material fact and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 302 (4th Cir. 2006).  A material fact is one that "might affect the outcome of the suit under the governing law."  *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)).  A dispute of material fact is only "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party.  *Anderson*, 477 U.S. at 248-49.  However, the nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."  *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1986).  "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'"  *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)).

The Court may only rely on facts supported in the record, not simply assertions in the pleadings, in order to fulfill its "affirmative obligation . . . to prevent 'factually unsupported claims or defenses' from proceeding to trial."  *Felty v. Grave-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex*, 477 U.S. at 323-24).  When ruling on a motion for summary

judgment, "[t]he evidence of the nonmovant is to be believed, and all *justifiable* inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255 (emphasis added).

Viewed in the light most favorable to Plaintiffs, the factual record before the Court is absolutely devoid of any evidence of the essential elements of legal malpractice, namely duty, breach, causation, and damages. *See, e.g.*, *Hall v. Sullivan*, 465 F. Supp. 2d 475, 478-79 (D. Md. 2006), *aff'd* 272 Fed. App'x 284 (4th Cir. 2008) ("[A] plaintiff must prove the following elements to recover against an attorney in negligence: (1) the attorney's employment; (2) his neglect of a reasonable duty; and (3) loss to the client proximately caused by that neglect of duty." (quotation marks and citation omitted)); *Thomas v. Bethea*, 351 Md. 513, 528-29 (Md. 1998) (same).

Plaintiffs never designated an expert as required by this Court's Scheduling Order and have not submitted any affidavit of an expert. Without expert testimony, Plaintiffs cannot establish that any of Defendant's alleged conduct breached the relevant standard of care. *See Hall*, 465 F. Supp. at 478 ("Expert testimony as to the relevant standard of care is necessary in an attorney malpractice case, except in those cases where the common knowledge or experience of laymen is sufficient to allow the fact finder to infer negligence from the facts." (quoting *Franch v. Ankney*, 341 Md. 350, 357 n.4 (Md. 1996)). To the extent that expert testimony is unnecessary, the Court finds on this record that Defendant's conduct was entirely consistent with the relevant standard of care and that Plaintiffs' negligence claims are wholly unfounded.

Plaintiffs' breach of contract claim must also fail. Under Maryland law, "[t]o prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation." *Taylor v. NationsBank,*

*N.A.*, 365 Md. 166, 175 (Md. 2001).  Plaintiffs have utterly failed to present any evidence of a breach of Defendant's contractual duty.

A word of caution to Plaintiffs appears to be in order.  While Plaintiffs are proceeding *pro se*, they are not inexperienced litigators.  Over two years ago, this Court noted that as of September 18, 2007, Chander Kant had filed twenty-nine cases in the Maryland State court system and his wife, Ashima, had filed eighteen cases.  Mem. Op. at 1 n.1, *Kant v. NTR Mid-Atlantic, Inc.*, No. 03-cv-2803-RWT (D. Md. Sept. 18, 2007).  The relatively simple transaction involving the sale of their townhouse in Montgomery County, Maryland, has spawned seemingly endless litigation and, in spite of their *pro se* status, Plaintiffs are cautioned that the patience of the court system is wearing very thin.  There is virtually no person or entity that was involved in the sale of their Montgomery County, Maryland, townhouse that has not been sued.  Numerous attorneys who have represented Plaintiffs have come and gone, and in almost all cases have been sued for their efforts.  Not a single case relating to the townhouse sales transaction has resulted in a decision on the merits for Plaintiffs, and all of their appeals to the United States Court of Appeals for the Fourth Circuit have either been unsuccessful or abandoned by them.

Litigation is not a recreational sport and Rule 11 of the Federal Rules of Civil Procedure applies both to attorneys as well as unrepresented parties.  *See* Fed. R. Civ. P. 11(b).  If there are any persons or entities involved in the transaction concerning the sale of their Montgomery County, Maryland, townhouse who have not yet been sued, Plaintiffs are cautioned that the Federal Rules of Civil Procedure, and especially Rule 11, will be applied and enforced should they commence any further groundless litigation in this Court.  Litigation in the courts is serious business, not a sport, and if Plaintiffs disregard this admonition, they will do so at their peril.

In sum, Plaintiffs' conclusory legal arguments are insufficient to survive summary judgment and the Court will, by separate order, grant Defendant's Motion for Summary Judgment.[3]

Date: October 14, 2009                                   /s/
                                                ROGER W. TITUS
                                                UNITED STATES DISTRICT JUDGE

---

[3] To the extent that Plaintiffs are making the same arguments that they made previously in case no. 03-cv-2803-RWT, these arguments are barred by the doctrines of res judicata and collateral estoppel.